IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES K. ELLIOT,<br>          Plaintiff,<br><br>          v<br><br>DOUGLAS M. MARINOS *doing business as*<br>DOUGLAS MARINOS & ASSOCIATES, P.C.<br>          Defendant. | 2:12-cv-1293 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION FOR JUDGMENT ON WRITTEN SETTLEMENT AGREEMENT (ECF No. 22) filed by Plaintiff James Elliot ("Elliot"), with brief in support. Defendant Douglas M. Marinos d/b/a/ Douglas M. Marinos & Associates, P.C. filed an answer and a memorandum in opposition to the motion; Elliot filed a reply brief; and Marinos filed a surreply brief. The motion is ripe for disposition.

Factual and Procedural History

On April 22, 2013, the Court entered an Order to administratively close this case upon notification from counsel that the case had been settled at mediation. The Court retained jurisdiction to enforce the settlement. The next day, the mediator filed a report which confirmed that the case had been resolved.

Attached to the instant motion is a Confidential Release and Settlement Agreement dated April 22, 2013 ("Settlement Agreement"). The agreement is signed by James K. Elliot Jr., and Douglas M. Marinos, and witnessed by counsel for both parties. The authenticity of the Settlement Agreement is undisputed.

Relevant to the instant motion, the Settlement Agreement provides in ¶ 2 that the term "Marinos" means "Douglas M. Marinos, individually and Douglas M. Marinos & Associates, P.C." This definition was hand-written to replace the typed reference to "Douglas M. Marinos d/b/a/ Douglas M. Marinos & Associates, P.C." The revision was initialed by both parties. The term "Marinos" is also broadly defined to include, inter alia, predecessors, successors, assigns, affiliates, partners, members, officers, directors, shareholders, managers, employees, agents, representatives and associates. The Settlement Agreement provides that Marinos shall pay Elliot $4,500.00 on or before May 31, 2013 as consideration for the release of the claims in this lawsuit. Upon receipt of the payment, Elliot was to file a stipulation of dismissal of this case with prejudice. The Settlement Agreement contains two (2) integration clauses. Paragraph 22 provides:

> This Release contains the entire, complete and integrated statement of each and every term and provision agreed to by and among the Parties. It contains the entire agreement and understanding between the Parties relating to the CLAIMS, including but not limited to the CLAIMS asserted in the lawsuit, superseding any prior oral or written agreements pertaining to said subject matter. No other promises, representations or other inducements have been made to either of the Parties in exchange for this Release.

In addition, the first sentence of ¶ 14 states: "This Agreement constitutes the entire agreement and understanding between the parties hereto and shall not be modified or altered except by a written instrument duly executed by the parties hereto."

Apparently, no money was paid to Elliot by the May 31, 2013 deadline, nor did Marinos otherwise communicate with Elliot. Accordingly, counsel for Elliot contacted counsel for Marinos, who stated that a reply would be forthcoming. No response or payment has been made to date.

In the instant motion, Elliot seeks payment of the $4,500.00 provided in the Settlement Agreement. In addition, Elliot seeks to recover $1,050.00 in counsel fees which have allegedly been incurred in the instant motion to enforce settlement. In his brief, counsel for Elliot provided a lodestar calculation with itemized tasks and time spent at an hourly rate of $350.00 per hour. Defendant conclusorily denies that Elliot is entitled to counsel fees but has not challenged the lodestar calculation in any way.

Legal Analysis

In *Standard Steel, LLC v. Buckeye Energy, Inc.*, 2005 WL 2403636 (W.D. Pa. 2005), Judge Conti summarized the legal principles which govern enforcement of an agreement reached at a mediation. As relevant to this case: (1) settlements are strongly encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the litigation load of the courts; (2) settlement agreements reached through mediation are as binding as those reached through litigation; and (3) settlement agreements are construed according to traditional principles of contract law. Indeed, such settlements are valid and enforceable even if they are not reduced to writing. *Id*. In this case, there is an undisputably authentic, written settlement agreement which has been signed by the parties and witnessed by their attorneys. Counsel informed the Court that the case had been settled and the mediator confirmed that the case had been resolved.

Defendant now contends that the settlement is not enforceable for two reasons: (1) that Douglas M. Marinos, individually, was never a party to this action and/or the alleged settlement agreement; and (2) that the Settlement Agreement was obtained through fraud. Specifically, Marinos contends that during the mediation, counsel for Plaintiff mis-represented that only one

3

additional action for violation of the Fair Debt Collection Practices Act was "in the pipeline" against Marinos and/or his law firm but since the mediation, three other actions have been commenced. Neither argument has merit. Indeed, Defendant's contentions are frivolous.

It is crystal clear that Marinos is personally bound by the Settlement Agreement. Indeed, the Settlement Agreement was specifically revised by hand to clarify that it applied to "Douglas M. Marinos, individually," in addition to the law firm. Moreover, the definition of "Marinos" in ¶ 2 of the Settlement Agreement is very broad. Marinos signed the Settlement Agreement, both in his individual capacity and on behalf of his law firm.[1] Marinos' attempt to avoid enforcement of the Settlement Agreement because his name was identified slightly differently in the underlying Complaint (i.e., with a "d/b/a") is not well-taken.[2] Marinos entered into a valid and enforceable settlement. Indeed, in his sur-reply brief, Marinos conceded that he "changed the Settlement Agreement so the release included him personally and individually."

The attempt by Marinos to avoid payment on the basis of an alleged oral representation during the mediation session is similarly without merit. Elliot denies that any misrepresentation occurred, but the Court need not resolve that factual dispute. The Settlement Agreement contains not just one, but two (2) integration clauses which foreclose any justifiable reliance on such an alleged prior, oral representation. The Settlement Agreement states that "No other promises, representations or other inducements have been made to either of the Parties in exchange for this Release." Accordingly, the parol evidence rule applies with full force to prevent claims like this for alleged fraud in the inducement to the contract. *Palermo Gelato, LLC v. Pino Gelato, Inc.*, 2013 WL 3147312 (W.D. Pa. June 19, 2013). If the alleged

---

[1] The Complaint in this case identified Marinos as an individual Defendant, as follows: "At all times material, pursuant to the Pennsylvania Department of State Corporation Bureau, Defendant Douglas M. Marinos was an individual doing business as Douglas M. Marinos & Associates, P.C."

[2] The fictitious name "Douglas M. Marinos & Associates, P.C." was cancelled on September 4, 2012, <u>after</u> the Complaint was filed.

representation was truly important to Marinos (and was legally enforceable[3]), he could have protected himself by insisting that the "inducement" be made part of the written agreement. *See Id*. at *5 (citing *Toy v. Metropolitan Life Ins. Co*., 928 A.2d 186, 206 n. 24 (Pa. 2007)).

In summary, the parties entered into a valid, binding Settlement Agreement and it will be enforced as written. Marinos shall pay Elliot $4,500.00 **FORTHWITH**. Marinos shall also pay Elliot post-judgment interest from May 31, 2013 through the date of payment, in accordance with 28 U.S.C. § 1961.

Counsel Fees

Plaintiff also seeks an award of counsel fees which he incurred as a result of Defendant's failure to comply with the Settlement Agreement. Generally, attorney fees and costs are not recoverable unless authorized by statute or specifically provided in the text of the settlement agreement. *Hobbs v. American Investors Mgmt., Inc.,* 576 F.2d 29, 35 n. 18 (3d Cir. 1978). No such provision exists in the Settlement Agreement in this case.[4]

However, a court has the power to assess attorneys' fees when the losing party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* As explained in *Days Inn Worldwide, Inc. v. Sumana Hospitality, LLC*, 2010 WL 1529607 (D.N.J. Apr. 15, 2010):

> This Court has the "*inherent* authority to impose sanctions upon those who would abuse the judicial process." *Republic of the Philippines v. Westinghouse Elec.,* 43 F.3d 65, 73 (3d Cir.1994) (emphasis in original) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-44 (1991)). These powers derive from "'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers,* 501 U.S. at 43 (quoting

---

[3] The Court notes that if Marinos actually attempted to make settlement of this lawsuit contingent on a promise from opposing counsel to not file additional cases on behalf of other clients, he likely would have violated Pa. Rule of Prof. Conduct 5.6(b) ("A lawyer shall not participate in offering or making: . . . (b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.")

[4] Attorney fees are recoverable by a prevailing party under the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692k. However, pursuant to the terms of the settlement, Elliot is not a prevailing party.

> *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). The "very potency" of these powers, however, necessitates that they "be exercised with restraint and discretion." *Chambers,* 501 U.S. at 44. Accordingly, the Third Circuit has provided that the sanctioning court "must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified." *Republic of the Philippines,* 43 F.3d at 74.

Mere delay is insufficient to show bad faith. *See Walther & Cie v. U.S. Fidelity & Guar. Co.,* 397 F.Supp. 937, 946 (M.D. Pa. 1975). The mere failure to turn over settlement funds in a timely manner, thus causing a plaintiff to seek enforcement of the settlement, does not amount to bad faith. *See Lester v. Percudani,* 2011 WL 6130532 at *6 (M.D. Pa. Dec. 8, 2011).

The Court finds and concludes that the conduct of Marinos in this case exceeds mere delay and rises to the level of bad faith and vexatious conduct. After remaining silent until the date for payment expired, Marinos now seeks to entirely repudiate the settlement to which he voluntarily agreed – for patently frivolous reasons, as explained above. Such conduct wastes the time of the Court, the mediator, and the opposing party, and reflects a sanctionable disregard for the judicial process. *See Days Inn*, 2010 WL 1529607 at *3-4 (awarding counsel fees as sanction for similar failure to abide by settlement agreement); *Accord MedPointe Healthcare, Inc. v. Kozachuk*, 2009 WL 540680 (D.N.J. Mar. 4, 2009), *report and recommendation adopted,* 2009 WL 1662226 (D.N.J. June 15, 2009), *aff'd,* 373 F. App'x 62 (Fed. Cir. 2010) (same). The award of counsel fees to Elliot would be an appropriate sanction narrowly-tailored to address the misconduct by Marinos in this case.

Elliot seeks an award of counsel fees of $1,050.00. As a starting point to determine the reasonableness of the claimed counsel fees, the Court should evaluate both the hourly rates charged by counsel and the number of hours worked to determine the "lodestar" rate. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Once the lodestar amount has been

calculated, a court has discretion to adjust the fee upward or downward, based on a variety of factors. *United Auto Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 292 (3d Cir. 2007) (discussing factors).

A three-step, burden-shifting framework is to be followed. First, the prevailing party must establish a prima facie case by producing sufficient evidence of the reasonable market rate for the essential character and complexity of the services rendered. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001). If a prima facie case has been established, the opposing party then bears the burden of producing record evidence to contest this rate. *Id.* Finally, if there are disputed questions of fact, a hearing must be conducted. *Blum v. Witco*, 829 F.2d 367, 377 (3d Cir. 1987).

District courts are instructed to conduct a "thorough and searching analysis" of the fee application. *Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). A prevailing party may only recover for time reasonably expended and the Court must exclude time that was excessive, redundant or unnecessary. *Id.* at 711. However, the Court cannot reduce an award sua sponte. Rather, the opposing party must make specific objections. *Interfaith Community*, 426 F.3d at 711. If the opposing party does so, the burden shifts back to the party seeking fees to justify the size of its request. *Id.*

Plaintiff has submitted an appropriate lodestar calculation. Defendant has had a full and fair opportunity to challenge that calculation. However, Defendant made only a vague, conclusory objection to the total amount claimed and has not contested either the hourly rate claimed or the specific tasks and time entries enumerated by Plaintiff. Accordingly, the Court finds that counsel fees of $1,050.00 are reasonable.

Marinos shall pay Elliot $1,050.00 FORTHWITH as a sanction for his bad faith and vexatious conduct in failing to comply with the Settlement Agreement.

Conclusion

In accordance with the foregoing, the MOTION FOR JUDGMENT ON WRITTEN SETTLEMENT AGREEMENT (ECF No. 22) will be **GRANTED**. The Settlement Agreement will be enforced as written. Marinos shall pay Elliot $4,500.00 FORTHWITH, plus post-judgment interest from May 31, 2013 through the date of payment, in accordance with 28 U.S.C. § 1961. In addition, Marinos shall pay Elliot $1,050.00 FORTHWITH, as a sanction for his bad faith and vexatious conduct in failing to comply with the Settlement Agreement.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES K. ELLIOT,**<br>Plaintiff,<br><br>v.<br><br>**DOUGLAS M. MARINOS** *doing business as*<br>DOUGLAS MARINOS & ASSOCIATES, P.C.<br>Defendant. | 2:12-cv-1293 |

## ORDER OF COURT

AND NOW, this 15th day of August, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION FOR JUDGMENT ON WRITTEN SETTLEMENT AGREEMENT (ECF No. 22) is **GRANTED**. The Settlement Agreement shall be enforced as written. Marinos shall pay Elliot $4,500.00 FORTHWITH, plus post-judgment interest from May 31, 2013 through the date of payment, in accordance with 28 U.S.C. § 1961. In addition, Marinos shall pay Elliot $1,050.00 FORTHWITH, as a sanction for his bad faith and vexatious conduct in failing to comply with the Settlement Agreement.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Clayton S. Morrow, Esquire**
Email: cmorrow@allconsumerlaw.com

**Jorge M. Pereira, Esquire**
Email: jmpereira@marinoslaw.com